UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONA COLE, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:11-cv-543 (SRU) |
| : | |
| DR. ROBERT GREENE, et al., : | |
|     Defendants. : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Leona Cole, currently incarcerated at FCI Danbury, filed this complaint *pro se* asserting claims of improper prenatal care, medical negligence, and wrongful death of her infant son. The named defendants were Dr. Robert Greene, the Federal Bureau of Prisons Danbury Health Services Administrator, and the Warden at FCI Danbury. On August 1, 2011, the court entered an Initial Review Order (doc. # 11) construing the complaint as brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The court dismissed the claims against defendants Greene, Health Services Administrator and Warden and directed the Clerk to add the United States as a defendant. The United States ("the defendant") subsequently answered the complaint on December 1, 2011 (doc. # 21). Thereafter, on September 7, 2012, the defendant filed the instant motion to dismiss (doc. # 29) on the ground that the court lacks subject matter jurisdiction over this case because the plaintiff failed to provide the "good faith certificate" that is a prerequisite to filing a medical malpractice claim under state law. For the reasons that follow, the defendant's motion is denied.

The FTCA waives sovereign immunity and permits a lawsuit to proceed against the United States under circumstances where a private person would be liable under state law. In

analyzing an FTCA claim, the court applies the substantive law of the state where the incident occurred. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The waiver of immunity available under the FTCA is strictly construed in favor of the government. *See Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988).

In the case at bar, Cole is asserting a medical malpractice claim. Connecticut law requires that, before filing such a claim, a reasonable inquiry must be conducted and a certificate of good faith accompanied by an opinion letter that medical negligence has occurred must be filed with the complaint. *See* Conn. Gen. Stat. § 52-190a. The failure to file the good faith certificate and opinion letter is grounds for dismissal of the action. *See Rzayeva v. United States*, 492 F. Supp. 2d 60, 85 (D. Conn. 2007). Because Cole did not file a certificate or opinion letter with her complaint, the government argues that, if the requirement under section 52-190a is substantive, her complaint must be dismissed for lack of subject matter jurisdiction.

The Second Circuit has not yet determined whether the requirement of a certificate of good faith in a medical malpractice action is a substantive or procedural requirement. But even assuming, *arguendo*, that the requirement is substantive, the plaintiff's failure to file the certificate in this case does not, as the government suggests, implicate subject matter jurisdiction.

The Connecticut Supreme Court has held that the "failure to provide a written opinion letter, or the attachment of a written opinion letter that does not comply with § 52-190a, constitutes *insufficient process* and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court . . . . The jurisdiction that is found lacking, however, is jurisdiction over the *person*, not the subject matter." *Morgan v. Hartford Hosp.*, 301 Conn. 388, 401-02 (2011) (internal quotation omitted) (emphasis added). The *Morgan* Court went on to

2

conclude that, because the defendants did not move to dismiss the complaint for insufficient process or lack of personal jurisdiction within thirty days of filing an appearance, as required by state rules of practice, any such defense based on the failure to comply with section 52-190a was waived.  *Id.* at 404.

In light of *Morgan*, Cole's failure to comply with section 52-190a implicates not subject matter jurisdiction, but personal jurisdiction.  "However, it is well settled that an objection to defective service, like any personal jurisdiction defense, is a privileged defense that can be waived by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."  *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012) (internal quotation omitted).  Federal Rule of Civil Procedure 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."  Fed. R. Civ. P. 12(h)(1); *see also Orix Financial Services, Inc. v. Cline*, 369 Fed. App'x. 174, 177 (2d Cir. 2010) (noting that the "defense of insufficient service of process is waived if it is not asserted by motion under Fed. R. Civ. P. 12 or in the party's responsive pleading"); *Pitchell v. Hartford*, 247 Conn. 422, 432-33 (1999) (holding that claim of lack of personal jurisdiction as result of insufficiency of service of process is waived unless raised by motion to dismiss within thirty days after filing appearance).

Here, Cole filed her complaint on April 6, 2011 (doc. # 1).  Thereafter, on December 1, 2011, the defendant filed an answer (doc. # 21).  That answer included numerous affirmative defenses, but nowhere did the defendant make any mention of section 52-190a or otherwise

dispute service of process or personal jurisdiction.  Approximately nine months later, on September 7, 2012, the defendant filed the instant motion to dismiss, asserting for the very first time that Cole did not comply with the requirements of section 52-190a.  Because the defendant failed to include that defense in its first responsive pleading, *see* Fed. R. Civ. P. 12(h)(1), the defense has been waived and the motion to dismiss on that basis must be denied.  *See Morgan*, 301 Conn. at 404 (holding that defendants waived their right to file a motion to dismiss for failure to comply with section 52-190a by failing to timely assert the defense).

For the above reasons, the defendant's motion to dismiss [**Doc. # 29**] is **DENIED**.

**SO ORDERED** this 24th day of April 2013, at Bridgeport, Connecticut.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge