UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONA COLE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :  Case No. 3:11-cv-543 (SRU) |
| DR. ROBERT GREENE, et al.,<br>    Defendants. | :<br>:<br>: |

**RULING ON PLAINTIFF'S MOTION FOR RELIEF**

The plaintiff, Leona Cole ("Cole" or "the plaintiff"), currently incarcerated at FCI Danbury, filed this action *pro se* asserting claims of improper prenatal care, wrongful death of her infant son and medical negligence.  Before the court is Cole's letter motion seeking a court order preventing her from being seen or examined by Dr. Robert Greene, a former defendant in this matter.[1]  For the reasons that follow, the motion (doc. # 37) is DENIED.

The Second Circuit has long held that a prisoner does not have the right to the treatment of her choice, so long as the treatment provided is constitutionally adequate.  *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) ("The Constitution

---

[1]  The plaintiff's complaint originally named the following defendants: Dr. Robert Greene, the Federal Bureau of Prisons Danbury Health Services Administrator, and the Warden at FCI Danbury.  On August 1, 2011, the court entered an Initial Review Order (doc. # 11) construing the complaint as brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  The court dismissed the claims against defendants Greene, Health Services Administrator and Warden, and directed the Clerk to add the United States as the sole defendant.  The Clerk shall amend the caption accordingly.

does not command that inmates be given the kind of medical attention that judges would wish to have for themselves.") (internal quotation omitted).  Furthermore, prison officials have broad discretion to determine the nature and character of medical treatment that is provided to prison inmates.  *See Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311-12 (S.D.N.Y. 2001).  Thus, "'[t]here is no right to the medical treatment of one's choice if the prescribed treatment is based upon applicable medical standards.'"  *Reyes v. Turner*, No. 93-cv-8951 (JFK), 1996 WL 93728, at *2 (S.D.N.Y. Mar. 5, 1996) (quoting *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988)).

   Here, Cole's letter motion contains no allegations of deliberate indifference or any other constitutional violations.  Instead, Cole merely alleges that, after she filed this medical malpractice action, Dr. Greene–the prison's OB/GYN–has been "crude and unapproachable" and that "seeing him for anything is a conflict and a constant reminder of what he did to me or lack there of."  Letter Motion at 1 (doc. # 37).  On that basis, Cole requests that the court enter an order directing that she no longer be seen or examined by Dr. Greene–and, presumably, that she be treated by a different doctor–during the pendency of this action.

   Although Cole's discomfort with being treated by a doctor that is also the subject of her on-going medical malpractice action is certainly understandable, she is not entitled to the extraordinary relief she seeks.  According to the defendant, Dr. Greene is the only OB/GYN at the FCI Danbury facility.  *See* Def.'s Response at 2 n.2 (doc. # 51).  Thus, there is no other medical professional available to provide the specific treatment that Cole requires.  Moreover, courts are generally reluctant to meddle with internal prison operations, unless some clear constitutional violation demands it.  *See, e.g.*, *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (noting

that courts should be hesitant to interfere with internal prison administration, which is a matter within the realm of expertise of prison officials).  Cole, however, has not so much as alleged, let alone demonstrated, that the medical care she has received since this action was filed was somehow inadequate or unreasonable in the constitutional sense.  Thus, because a prisoner "is not entitled to treatment by the doctor of [her] choice," *Quezada v. Ercole*, No. 09-cv-2832 (DLC), 2011 WL 3251811, at *7 (S.D.N.Y. July 29, 2011), I cannot grant Cole's request to be seen by a doctor other than Dr. Greene.

In sum, the plaintiff's letter motion (doc. # 37) is **DENIED.**

**SO ORDERED** this 4th day of June 2013, at Bridgeport, Connecticut.

                                                /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge